```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

vs.                                              2:03-cr-53-FtM-29SPC

MICHAEL JAMES RAMIREZ
_____

**<u>OPINION AND ORDER</u>**

     This matter comes before the Court on defendant's Pro Se Nunc Pro Tunc Motion Based on Defendant's Actual Innocent Claim in Behalf of the Illegal Sentence Enhancement Pursuant to USSG § 2D1.1(b)(1) (Doc. #51), filed on May 20, 2010. Defendant asserts that he is actually innocent of the possession of a firearm enhancement under the United States Sentencing Guidelines, and seeks a re-sentencing without the two-level enhancement. Because the Court lacks jurisdiction, the motion will be dismissed.

    On May 14, 2003, defendant Michael James Ramirez (defendant or Ramirez) was charged in a five-count methamphetamine Indictment (Doc. #11) filed in the Middle District of Florida, Fort Myers Division. On September 4, 2003, defendant plead guilty to Count Five, possession with intent to distribute five hundred grams or more of methamphetamine, pursuant to a written Plea Agreement (Doc. #39). A sentencing proceeding was held on January 20, 2004, at which time the Court conducted a hearing on defendant's objection to a two level enhancement for possession of a firearm. After hearing testimony, including from defendant, the Court overruled

defendant's objection. Defendant was sentenced to 168 months imprisonment, followed by five years supervised release (Doc. #46). No direct appeal or motion pursuant to 28 U.S.C. § 2255 were filed. Approximately six years after his conviction became final, defendant filed his Nunc Pro Tunc Motion challenging the firearm enhancement.

The first issue is whether the Court has jurisdiction to consider defendant's motion. Because defendant is proceeding *pro se*, the Court must construe his request for post-conviction relief liberally, United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of authority even though none may be identified by defendant, United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990), cert. denied, 499 U.S. 979 (1991). The Court has no inherent power to correct even an illegal sentence, but rather must look to the specific parameters of federal statutes and the Federal Rules of Criminal Procedure. United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002), cert. denied, 539 U.S. 951 (2003).

A district court may not modify a defendant's sentence except in limited circumstances, which are set forth in 18 U.S.C. § 3582(c). United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). None of the circumstances which allow the Court to modify a sentence apply to defendant's case. Defendant's reliance on the *nunc pro tunc* principle is inappropriate in the context of this

case. A district court does have jurisdiction to enter a *nunc pro tunc* order to modify the record to accurately reflect what actually happened in the proceedings. United States v. Perez, 151 Fed. Appx. 773, 774-75 (11th Cir. 2005). This, however, is not what defendant is trying to accomplish. Defendant does not argue that the record incorrectly reflects what the court did or found, but rather asserts the court erred in its findings. The Court does not have jurisdiction to make such changes under *nunc pro tunc* principles. United States v. Eason, 323 Fed. Appx. 827 (11th Cir. 2009).

The Court has examined the case as required by Jordan to determine whether there is any basis for jurisdiction, but has found none. Defendant has not filed a § 2255 motion, and the one year time period to do so has expired. 28 U.S.C. § 2255(f). The Court finds no other basis for jurisdiction to modify or vacate the sentence, and defendant's claim that he is actually innocent of the enhancement, contrary to the Court's findings, does not provide a basis for jurisdiction. See, e.g, United States v. James, 323 Fed. Appx. 746 (11th Cir. 2009).

Accordingly, it is now

**ORDERED:**

Defendant's Pro Se Nunc Pro Tunc Motion Based on Defendant's Actual Innocent Claim in Behalf of the Illegal Sentence Enhancement

Pursuant to USSG Section 2D1.1(b)(1) (Doc. #51) is **DISMISSED** for lack of jurisdiction.

**DONE AND ORDERED** at Fort Myers, Florida, this __23rd__ day of June, 2010.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Michael James Ramirez
Counsel of Record